PATRICK McCAFFREY *vs.* PHILIP A. DOYLE.

A judgment was rendered by a justice court, November 23. The next term of the Court of Common Pleas in the same county began December 3. An appeal was taken, November 27, from the judgment of the justice court to the following June Term of the Court of Common Pleas.

*Held,* that under Pub. Stat. R. I. cap. 218, §§ 1 and 6, the appeal was properly taken.

EXCEPTIONS to the Court of Common Pleas.

Public Statutes R. I. cap. 218, §§ 1 and 6, provide:

SECT. 1. Any party aggrieved by the judgment of any justice court rendered in any civil action may appeal therefrom to the next term of the Court of Common Pleas, to be holden in the same county, for a final hearing of said action : *Provided* he shall, within five days after rendition of such judgment, pay costs and give bond in such justice court to the other party, in a sum not exceeding fifty dollars, to prosecute such appeal with effect, or in default to pay costs.

SECT. 6. The appellant shall, in all cases, file his reasons of appeal in the office of the clerk of the court appealed to at least ten days before the sitting of such court, and whenever the reasons of appeal are entered in the appellate court, the clerk or justice having custody of the papers in the case shall file the same with the clerk of the appellate court.

The facts involved in the present case are stated in the opinion of the court.

*December* 26, 1883. PER CURIAM. This action was originally brought in the Justice Court of the city of Providence, where, on November 23, 1882, judgment was entered for the defendant. On November 27 the plaintiff appealed to the ensuing June Term of the Court of Common Pleas. The next term of the Court of Common Pleas was the December Term, commencing December 3, 1882. The question raised by the exceptions is, whether an appeal to the June Term was valid ; the defendant contending that it should have been taken to the previous December Term. The statute, Pub. Stat. R. I. cap. 218, § 1, allows the party aggrieved to appeal to the *next* term of the Court of Common Pleas, provided he shall perfect his appeal within five days after the rendition of

the judgment.  If this section be literally construed, the appeal should have been taken to the December Term.  The section, however, must be construed in connection with § 6, which prescribes that the appellant shall file his reasons of appeal in the court appealed to "at least ten days before the sitting of such court."  In the case at bar the December Term commenced just ten days after judgment, and the appellant might therefore have complied with § 6 if he had immediately perfected his appeal.  But he appealed within the time permitted, and the appeal as taken was too late for compliance with § 6.  It is evident, too, that cases may often occur in which judgments are rendered by justice courts within less than ten days before the next term of the Court of Common Pleas, and in which it would consequently be utterly impossible to comply with § 6 if the appeal were taken to that term.  The provisions are not new, but have long existed on the statute books.  We understand that the practice has been to appeal to "the next term," commencing more than ten days after the taking of the appeal, and that this practice has been always recognized in the Court of Common Pleas as correct, no one disputing it.  We think the practice rests on a fair and reasonable construction of the statute, and that after having prevailed so long, it ought to be upheld without any question.                *Exceptions overruled.*

*George J. West,* for plaintiff.

*William H. Greene,* for defendant.